**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**STANLEY BERNARD GASTON,**                                                                **PETITIONER**
**ADC# 97587**

**V.**                          **CASE NO. 5:13CV00310 JLH/BD**

**RAY HOBBS, Director,**
**Arkansas Department of Correction**                                                         **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I.     Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge J. Leon Holmes.  Mr. Gaston - or any party - may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.  A copy will be furnished to the opposing party.

If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## II. Introduction

Petitioner Stanley Bernard Gaston, an inmate in the Arkansas Department of Correction ("ADC"), brings this 28 U.S.C. § 2254 petition for writ of habeas corpus (docket entry #2), challenging his prison disciplinary convictions. Respondent, Director Ray Hobbs, has responded to the petition. (#5) For the following reasons, Mr. Gaston's petition should be DISMISSED, with prejudice.

## III. Background

On April 19, 2012, ADC officials charged Mr. Gaston with major disciplinary violations for possession of tobacco products; possession of unauthorized electronic devices; failure to obey orders of staff; asking, coercing, or offering inducement to anyone to violate ADC policy, rules, or any law; and committing any act defined as a crime. (#5-1) An ADC disciplinary officer found Mr. Gaston guilty of all but one of the violations after an April 27, 2012 hearing. (#2, pp. 17-19) As a result of the disciplinary convictions, the ADC reduced Mr. Gaston's inmate classification, placed him in punitive isolation for 30 days, denied telephone, visitation, and commissary for 60 days, and revoked 482 days of good-conduct credit. (#2, p. 18)

It appears that Mr. Gaston exhausted his ADC administrative appeals. (#2, pp. 21-23) He now asks the Court to reverse his disciplinary convictions and restore his good-conduct credit. (#2, p. 11)

## IV.   Discussion

Mr. Gaston challenges his prison disciplinary convictions on grounds that ADC officials denied him Due Process and Equal Protection under the Fourteenth Amendment. (#2) Specifically, he alleges ADC officials violated ADC policy and State law (#2, pp. 14-15) and the convictions lacked evidentiary support. (#2, pp. 15-16) Director Hobbs contends that Mr. Gaston's petition should be denied because: it is time-barred, he failed to exhaust available state remedies; and his claims lack merit. (#5)

### A.   *Statute of Limitations*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), establishes a one-year limitations period for a state prisoner to commence a habeas corpus proceeding under 28 U.S.C. § 2254. The limitations period generally begins to run from the latest of: (1) the date the judgement became final by the conclusion of direct review or the expiration of the time for seeking direct review; (2) the date on which an unlawful State impediment to filing was removed; (3) the date the constitutional right asserted was recognized; or (4) the date the factual predicate of the claim could have been discovered. 28 U.S.C. § 2244(d)(1)(A)-(D).

In this case, Mr. Gaston challenges a prison disciplinary conviction, not his State judgement that was subject to direct, judicial review.  Director Hobbs argues that this petition is time-barred because Mr. Gaston filed it more than a year after the final administrative determination.  (#5, pp. 3-4)  Director Hobbs claims the date of the final administrative determination was when the factual predicate of the claim could have been discovered.  (#5, p. 4)  He cites a case from this District for support.  *Aaron v. Norris*, 5:09-CV-00158-JMM/JJV, 2009 WL 4884219 (E.D. Ark. Dec. 10, 2009)(finding the petition time-barred, but also addressing the merits).

Under 28 U.S.C. § 2244(d)(1)(D), the one-year limitations period runs from the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.  The Second, Fourth, Fifth, Ninth, and Tenth Circuits have held that this provision applies to habeas petitions contesting administrative decisions.  *Cook v. New York State Div. of Parole*, 321 F.3d 274, 279-280 (2d Cir. 2003) (parole revocation); *Wade v. Robinson*, 327 F.3d 328, 330-331 (4th Cir. 2003) (parole revocation); *Kimbrell v. Cockrell*, 311 F.3d 361, 363 (5th Cir. 2002) (limitations period runs from conclusion of disciplinary hearing, not later date when petitioner completed his administrative appeals); *Shelby v. Bartlett*, 391 F.3d 1061, 1064-1065 (9th Cir. 2004) (prison disciplinary); *Dulworth v. Evans*, 442 F.3d 1265, 1267-1268 (10th Cir. 2006) (prison disciplinary).  The Seventh Circuit disagrees, finding that 28 U.S.C. § 2244(d)(1) applies to challenges to a State court judgment, and a prison

disciplinary conviction is not a State court judgment. *Cox v. McBride*, 279 F.3d 492, 493-494 (7th Cir. 2002). The Eighth Circuit has not addressed this issue.

Congress created the one-year limitations period. As noted by the Seventh Circuit, "Congress can and perhaps should amend the statute to bring petitions for habeas corpus that challenge prison discipline under the one-year (or some other definite) limitation." *Id.* at 494. Until it does, the reference to a "judgment of a State court" in 28 U.S.C. § 2244(d)(1) would seem to preclude applying the limitations period to administrative determinations. After all, the Supreme Court noted, over twenty years before enactment of the limitations period, that disciplinary proceedings are not part of a criminal prosecution. *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S. Ct. 2963, 2975 (1974).

Because Mr. Gaston's petition fails on the merits, the Court is not required to rule on the limitations issue here. In the interests of justice, a court may address the merits even when a limitation issue exists. *Day v. McDonough*, 547 U.S. 198, 210, 126 S. Ct. 1675, 1684 (2006).

B.   *Exhaustion of State Remedies*

A federal court can grant habeas relief only if the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1). A petitioner is deemed to have fully exhausted his claims, however, if presenting the claims in state court would be futile. *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005).

Director Hobbs contends that Mr. Gaston could file his claims in state court. (#5, pp. 4-5)  Director Hobbs has previously stated that Arkansas law does not recognize the right Mr. Gaston is attempting to assert.[1]  See *Smith v. Hobbs*, Case No. 5:13CV224 JLH/BD, docket entry #7 (E.D.Ark. filed July 22, 2013).  If that is true, it would be futile for Mr. Gaston to present his claims in state court.  And if that were not the case, federal courts can deny a habeas corpus petition on the merits even if the petitioner has failed to exhausted available state remedies.  28 U.S.C. § 2254(b)(2).  In the present case, it is prudent for the Court to review the merits of Mr. Gaston's claims.

    C.    *Disciplinary Convictions*

Prison officials must support disciplinary convictions with "some evidence" in order to meet due process requirements.  *Flowers v. Anderson*, 661 F.3d 977, 980 (8th Cir. 2011)(citing *Superintendent v. Hill*, 472 U.S. 445, 455, 105 S.Ct. 2768, 2774 (1985)).  The some-evidence standard does not require this Court to examine the entire record, to independently assess the credibility of witnesses, or to re-weigh the evidence.  *Id*.  Instead, the relevant question here is whether there is some evidence in the record to support Mr. Gaston's disciplinary convictions.  *Id*.

Mr. Gaston alleges his disciplinary convictions lacked evidentiary support. (#2, pp. 15-16)  Mr. Gaston admits, however, that he received advance written notice of the disciplinary charges, ADC officials held a hearing, and the hearing officer gave a factual

---

[1] Director Hobbs does not make this argument in this case.

basis for the decision. (#2, p. 13) Mr. Gaston also admitted that he took some cell phones to the sally port. (#2, p. 18) After receiving information that Mr. Gaston was hiding contraband on the hoe squad trailers for inmates to pick up, ADC officials found three pounds of smoking tobacco on three inmates on the hoe squad that Mr. Gaston took out. (#2, p. 17) Possessing the cell phones violates State law. Distributing tobacco violates written policy. The witness statement in this case provided some evidence to support Mr. Gaston's disciplinary convictions. (#2, p. 17) Accordingly, Mr. Gaston received all the process he was due.

Mr. Gaston also alleges the disciplinary convictions violated his right to Equal Protection. (#2, p. 4) Mr. Gaston has not presented any basis for this Court to find an Equal Protection violation. He has not alleged that he was treated differently than similarly situated inmates. See *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998) (an inmate bringing an equal protection claim must show that similarly situated inmates were treated differently and that the difference in treatment bore no rational relationship to any legitimate penal interest).

D.    *Policy and State Law*

Mr. Gaston alleges ADC officials violated ADC policy and State law. (#2, pp. 14-15) A federal court may entertain a State prisoner's petition for writ of habeas corpus only on the ground that he is in State custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). In the context of prison discipline,

there is no federal constitutional interest or law requiring state officers to follow state law or prison officials to follow prison regulations. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). Accordingly, this claim fails.

## V. Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Gaston has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). Here, Mr. Gaston has not provided any basis for issuing a certificate of appealability.

## VI. Conclusion

The Court recommends that Mr. Gaston's petition for writ of habeas corpus be dismissed, with prejudice. The Court further recommends that Judge Holmes decline to issue a certificate of appealability.

DATED this 20th day of December, 2013.

_____
UNITED STATES MAGISTRATE JUDGE